JiON REHEARING

We granted a rehearing on application of the State of Louisiana because of our concern for the appropriate standard of appellate review on the issue of probable cause in a forfeiture proceeding under La. R.S. 40:2601 et seq.. After a careful review of our previous opinion, 638 So.2d 653, we maintain our position and affirm the judgment of the trial court. However, we modify our original opinion in one respect.
In our original opinion, we stated:
‘We hold that the trial court was not clearly wrong in finding no probable cause for the forfeiture.”
That language is incorrect and supports the erroneous conclusion that a finding of proba-, ble cause is subject to review under our manifestly erroneous-clearly wrong standard. Rather, the correct analysis was partially expressed in our statement that “[fjactual determinations in civil forfeiture cases will not be disturbed absent manifest error.” An ultimate determination of probable cause is a legal question, Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964), | ato which the standard is inapplicable.
*658 However, the findings of fact which lead to a probable cause determination is subject to the manifestly erroneous-clearly wrong standard. Consequently, much deference must be given to the factual findings of the trial court as long as a review of the record as a whole shows those findings to be reasonably supported. This is the same standard as in any civil proceeding. See, Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State, through DOTD, 617 So.2d 880 (La.1993).
The real question thus becomes, given the facts as reasonably found by the trial court, are these facts sufficient to support a probable cause determination? Our independent review of the record in this proceeding convinces us that probable cause did not exist for the forfeiture.
For the foregoing reasons, we adhere to our original opinion.